RAYMOND NARDO, Esq.
RAYMOND NARDO, P.C.
129 Third Street
Mineola, New York 11501
raymondnardo@gmail.com
(516) 248-2121
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LISA LEMORROCCO                                                 :
                                                                :
                              Plaintiff,                        :      **COMPLAINT**
                                                                :
         -against-                                              :
                                                                :
COR J SEA FOOD CORP, 214 MILL ROAD CORP,                        :
JAMES CORONESI, an individual                                   :
                                                                :
                              Defendants.                       :
------------------------------------------------------------------X

Plaintiff LISA LEMORROCCO, by her attorney, Raymond Nardo, Esq., complaining of defendants COR J SEA FOOD CORP., 214 MILL ROAD CORP, JAMES CORONESI (collectively referred to herein as "defendants"), alleges:

### NATURE OF THE ACTION

1.  This action arises out of defendants' failure to pay overtime pay and other monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

2.  Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime, liquidated damages, violations of the Wage

Case 2:16-cv-01161-ARL   Document 1   Filed 03/08/16   Page 2 of 11 PageID #: 17

Theft Prevention Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 as defendants COR J SEA FOOD CORP., 214 MILL ROAD CORP are located at 212 Mill Road, Westhampton Beach, NY, in the Eastern District of New York and the individual defendants resides 41 Oakhurst Road, Hampton Bays, NY, upon information and belief.

## THE PARTIES

**Plaintiff**

5. Plaintiff LISA LEMORROCCO resides in Hampton Bays, which is located in the Eastern District of New York. Plaintiff worked for defendants from 2008 through January 17, 2016 as a Counterperson.

6. In her capacity as a Counterperson, plaintiff performed the following duties: she filled customers' orders, retrieved seafood products requested by customers, weighed and cut products as per customers' requests, restocked items, handled cash and credit card payments from customers, cleaned the counters, disposed

of trash behind the counter, answered phones and handled phone orders, and wrote up tickets for orders, and delivered orders to customers.

**Defendants**

7.  Defendant COR J SEA FOOD CORP. is a New York corporation located in the Eastern District of New York at 212 Mill Road, Westhampton Beach, NY.

8.  Defendant COR J SEA FOOD CORP. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant COR J SEA FOOD CORP. has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as seafood, vegetables, canned good, and fish sauces, and (2) an annual gross volume of sales in excess of $500,000.00.

9.  Defendant 214 MILL ROAD CORP. is a New York corporation located in the Eastern District of New York at 212 Mill Road, Westhampton Beach, NY.

10. Defendant 214 MILL ROAD CORP. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant COR J SEA FOOD CORP. has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as seafood, vegetables, canned good, and fish sauces, and (2) an annual gross volume of sales in excess of $500,000.00.

11. The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and thereby constitute an enterprise within the meaning of the FLSA, thus rendering the defendants as a unified "enterprise" under the FLSA.

12. Plaintiff was individually involved in the production of goods for commerce because she handled products and inventory, such as seafood and fish sauces, which were shipped from other States, to places where these products were ultimately delivered.

13. Defendant JAMES CORONESI is sued individually in his capacity as an owner, officer and/or agent of both COR J SEAFOOD CORP. and 214 MILL ROAD CORP. because he has authority to exercise sufficient control over operations of COR J SEAFOOD CORP. and 214 MILL ROAD CORP. to be considered plaintiff's employer under the FLSA and NYLL and, at all times material herein, had the authority to hire and fire employees, set wages, assign work, supervise employees, and establish and exercise authority, regarding the pay practices COR J SEAFOOD CORP. and 214 MILL ROAD CORP. and he maintained payroll records.

## DEFENDANTS' FAILURE TO PAY OVERTIME FOR ALL WEEKLY HOURS WORKED OVER FORTY

14. The FLSA and NYLL require that employers pay employees one and one half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

15. Plaintiff is a non-exempt employee under the FLSA and NYLL.

16. Plaintiff regularly worked over forty hours per week, but did not receive overtime pay.

17. For the period of time that plaintiff worked for defendants, she usually worked as follows:

   a. From November to April, 9:30am to 6:00pm, from Friday through Tuesday, and 9:30am to 5:30pm on Sunday, for a total of 42 hours per week;

   b. From May to October, 9:30am to 6:30pm, from Friday through Tuesday, and 9:30am to 6:00pm on Sunday, for a total of 44.5 hours per week;

   c. Additional hours for days surrounding Holidays such as Memorial Day, Independence Day, Labor Day, and Christmas.

18. Plaintiff was not always permitted an uninterrupted half hour for meal breaks.

19. During the time she worked for defendants, plaintiff was paid hourly and was paid straight time for all hours worked each week.

20. By the end of her employment with defendants, plaintiff was paid $15.50 per hour, but her paystub reflected fewer hours and lower pay.

## DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

21. The NYLL and Wage Theft Prevention Act requires employers to provide

all employees with a written notice of wage rates at time of hire and also on or before February 1st of each subsequent year of employment (until 2015 when annual notices are not required).

22. Defendants failed to furnish plaintiff with annual wage notices as required by § 195(1) of the Labor Law.

23. The NYLL and Wage Theft Prevention Act requires employers to provide all employees with an accurate statement accompanying every payment of wages, which lists the name and phone number of the employer, regular rate of pay, overtime rate of pay, regular hours worked, overtime hours worked, gross wages, net wages, and additional information.

24. Defendants failed to furnish plaintiff with accurate statements of wages, as required by § 195(3) of the Labor Law.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

25. Plaintiff repeats and realleges each paragraph above, as though fully set forth herein.

26. Defendants are "employers" within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed plaintiff.

27. Defendants were required to pay plaintiff no less than one and one-half (1½) times the regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

28. Defendants failed to pay plaintiff the overtime wages to which she was entitled under the FLSA.

29. Defendants wilfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages in accord with a policy, custom, and/or practice of Defendants.

30. Due to defendants' violations of the FLSA, plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

31. Plaintiff repeats and realleges each paragraph above as though fully set forth herein.

32. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and defendants employed plaintiff.

33. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one-half (1 ½) the regular rate of pay for all hours she worked in excess of forty.

34. Defendants failed to pay plaintiff the overtime wages to which they were entitled under the NYLL.

35. Defendants wilfully violated the NYLL by knowingly and intentionally failing to pay plaintiff's overtime wages.

36. Due to defendants' wilful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (New York Labor Law – Wage Theft Prevention Act)

37. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

38. Defendants have wilfully failed to supply plaintiffs with wage notices, as required by NYLL, Article 6, § 195(1), in English, or in the language identified by plaintiffs as their primary language, containing plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner has deemed material and necessary.

39. Through their knowing or intentional failure to provide plaintiffs with the wage notices required by the NYLL, defendants have wilfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

40. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b), and $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

41. Defendants have wilfully failed to supply plaintiffs with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

42. Through their knowing or intentional failure to provide plaintiff with the accurate wage statements required by the NYLL, defendants have wilfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

43. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, and damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

44. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully request that this Court enter a judgment:

    a. declaring that defendants have violated the overtime provisions of the FLSA and the NYLL;

    b. declaring that defendants' violations of the FLSA and the NYLL were wilful;

    c. enjoining future violations of the FLSA and the NYLL;

    d. awarding plaintiff damages and liquidated damages for unpaid overtime wages under the FLSA and NYLL;

    e. awarding plaintiff damages and liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

    f. awarding plaintiff pre-judgment interest and post-judgment under the FLSA and the NYLL;

    g. awarding plaintiff reasonable attorneys fees' and costs and disbursements, pursuant the FLSA and the NYLL; and

    h. awarding such other and further relief as the Court deems just and proper.

Dated:  Mineola, NY
       March 7, 2016

                                        Raymond Nardo, Esq.
                                        Raymond Nardo, P.C.
                                        129 Third Street
                                        Mineola, NY 11501
                                        raymondnardo@gmail.com
                                        (516) 248-2121
                                        *Attorney for Plaintiff*