UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LISA LEMORROCCO,

                Plaintiff,

          -against-

COR J SEAFOOD CORP., 214 MILL ROAD CORP.,
JAMES CORONESI, an individual,

                Defendants.
------------------------------------------------------------------X

Civil Action No.:
16 CV 1161 (DRH)(ARL)

**ANSWER**

      Defendants COR J SEAFOOD CORP., 214 MILL ROAD CORP., JAMES CORONESI, an individual (collectively "Defendants"), by their counsel, Kaufman Dolowich & Voluck LLP, as and for their Answer to Plaintiff LISA LEMORROCCO's, ("Plaintiff") Complaint (hereinafter the "Subject Complaint") set forth the following:

## AS TO THE NATURE OF THE ACTION

1. Defendants deny the allegations set forth in Paragraph 1 of the Subject Complaint.

2. Defendants deny the allegations set forth in Paragraph 2 of the Subject Complaint.

3. Defendants neither admit nor deny the allegations set forth in Paragraph 3 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

4. Defendants deny the allegations set forth in Paragraph 4 of the Subject Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Subject Complaint.

6. Defendants deny the allegations set forth in Paragraph 6 of the Subject Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Subject Complaint.

8. Defendants neither admit nor deny the allegations set forth in Paragraph 8 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

9. Defendants deny the allegations set forth in Paragraph 9 of the Subject Complaint.

10. Defendants neither admit nor deny the allegations set forth in Paragraph 10 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

11. Defendants deny the allegations set forth in Paragraph 11 of the Subject Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Subject Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Subject Complaint.

## AS TO DEFENDANTS' FAILURE TO PAY OVERTIME FOR ALL WEEKLY HOURS WORKED OVER FORTY

14. Defendants neither admit nor deny the allegations set forth in Paragraph 14 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

15. Defendants neither admit nor deny the allegations set forth in Paragraph 15 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

16. Defendants deny the allegations set forth in Paragraph 16 of the Subject Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Subject Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Subject Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Subject Complaint.

20. Defendants deny the allegations set forth in Paragraph 20 of the Subject Complaint.

## AS TO DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT

21. Defendants neither admit nor deny the allegations set forth in Paragraph 21 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

22. Defendants deny the allegations set forth in Paragraph 22 of the Subject Complaint and respectfully refer all questions of law to the Court.

23. Defendants neither admit nor deny the allegations set forth in Paragraph 23 of the Subject Complaint as they consist of legal conclusions to which no response is required, and respectfully refer all questions of law to the Court.

24. Defendants deny the allegations set forth in Paragraph 24 of the Subject Complaint and respectfully refer all questions of law to the Court.

## AS TO THE FIRST CLAIM

25. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

26. Defendants deny the allegations set forth in Paragraph 26 of the Subject Complaint and respectfully refer all questions of law to the Court.

27. Defendants deny the allegations set forth in Paragraph 27 of the Subject Complaint and respectfully refer all questions of law to the Court.

28. Defendants deny the allegations set forth in Paragraph 28 of the Subject Complaint and respectfully refer all questions of law to the Court.

29. Defendants deny the allegations set forth in Paragraph 29 of the Subject Complaint and respectfully refer all questions of law to the Court.

30. Defendants deny the allegations set forth in Paragraph 30 of the Subject Complaint and respectfully refer all questions of law to the Court.

## AS TO THE SECOND CLAIM

31. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

32. Defendants deny the allegations set forth in Paragraph 32 of the Subject Complaint and respectfully refer all questions of law to the Court.

33. Defendants deny the allegations set forth in Paragraph 33 of the Subject Complaint and respectfully refer all questions of law to the Court.

34. Defendants deny the allegations set forth in Paragraph 34 of the Subject Complaint and respectfully refer all questions of law to the Court.

35. Defendants deny the allegations set forth in Paragraph 35 of the Subject Complaint and respectfully refer all questions of law to the Court.

36. Defendants deny the allegations set forth in Paragraph 36 of the Subject Complaint and respectfully refer all questions of law to the Court.

## AS TO THE THIRD CLAIM

37. Defendants repeat and re-allege each and every response to every allegation set forth in the preceding Paragraphs as though set forth at length herein.

38. Defendants deny the allegations set forth in Paragraph 38 of the Subject Complaint and respectfully refer all questions of law to the Court.

39. Defendants deny the allegations set forth in Paragraph 39 of the Subject Complaint and respectfully refer all questions of law to the Court.

40. Defendants deny the allegations set forth in Paragraph 40 of the Subject Complaint and respectfully refer all questions of law to the Court.

41. Defendants deny the allegations set forth in Paragraph 41 of the Subject Complaint and respectfully refer all questions of law to the Court.

42. Defendants deny the allegations set forth in Paragraph 42 of the Subject Complaint and respectfully refer all questions of law to the Court.

43. Defendants deny the allegations set forth in Paragraph 43 of the Subject Complaint and respectfully refer all questions of law to the Court.

## AS TO THE JURY DEMAND

44. Defendants deny that Plaintiff is entitled to a jury trial to the extent that any claims stated herein are not otherwise triable to a jury.

## AS TO THE PRAYER FOR RELIEF

45. Defendants deny that Plaintiff is entitled to any of the relief sought in Paragraphs "a" through "h" of the Prayer for Relief in the Subject Complaint.

## STATEMENT OF AFFIRMATIVE DEFENSES
## AND OTHER DEFENSES

46. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

### FIRST AFFIRMATIVE DEFENSE

47. Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48. Plaintiff's claims are barred, in whole or in part, by documentary evidence.

### THIRD AFFIRMATIVE DEFENSE

49. To the extent that the period of time alluded to in Plaintiff's Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255 (a) or the New York State Labor Law ("NYLL"), such claims are barred.

### FOURTH AFFIRMATIVE DEFENSE

50. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were done in good faith in conformity with, and reliance upon, written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

**FIFTH AFFIRMATIVE DEFENSE**

51. To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or NYLL, Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260.

**SIXTH AFFIRMATIVE DEFENSE**

52. Plaintiff's claims are barred in whole or in part to the extent that the work Plaintiff performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.

**SEVENTH AFFIRMATIVE DEFENSE**

53. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that their actions did not violate the FLSA and/or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or NYLL as a defense to any claim by Plaintiff for liquidated damages.

**EIGHTH AFFIRMATIVE DEFENSE**

54. Plaintiff was not an "employee" of Defendants as defined by the FLSA and/or NYLL.

**NINTH AFFIRMATIVE DEFENSE**

55. Defendants were not "employers" of Plaintiff as defined by the FLSA and/or NYLL.

### TENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

57. To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, and/or laches.

### TWELFTH AFFIRMATIVE DEFENSE

58. Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in Plaintiff's Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.

### THIRTEENTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred in whole or in part by the NYLL and the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary to her principal activities or incidental to them.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. Plaintiff's NYLL claims cannot, lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order.

### SIXTEENTH AFFIRMATIVE DEFENSE

62. Plaintiff is not entitled to equitable relief insofar as Plaintiff has an adequate remedy at law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE

64. Assuming *arguendo*, Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan.

### NINETEENTH AFFIRMATIVE DEFENSE

65. Assuming *arguendo*, Plaintiff is entitled to recover additional compensation for herself personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff are appropriately limited thereby.

### TWENTIETH AFFIRMATIVE DEFENSE

66. Defendants have not willfully failed to pay Plaintiff any wages and/or monies due, and there is a *bona fide*, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

67. Plaintiff lacks standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

68. Plaintiff is not entitled to an award of prejudgment interest if Plaintiff prevails on any or all of Plaintiff's stated claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

69. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiff beyond pure speculation, the failure to allege facts showing that Plaintiff has no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

70. To the extent that discovery reveals that Plaintiff falsely reported her hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report her hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to her hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

71. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

72. Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiff did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that it was not required to provide them with such notice pursuant to the law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

74. The Complaint is barred in whole or in part to the extent that such claims have been released, waived, discharged, and/or abandoned.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

75. To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(2), such changes in pay were reflected in the wage statements provided pursuant to NYLL § 195(3).

### THIRTIETH AFFIRMATIVE DEFENSE

76. To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) and/or wage statements required by NYLL § 195(3), Plaintiff is not entitled to any damages as Defendants made complete and timely payment of all wages due pursuant to the NYLL.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

77. To the extent Defendants failed to provide Plaintiff with notices required by NYLL § 195(1) Plaintiff is not entitled to any damages as Defendants believed in good faith that they were not required to provide Plaintiff with notice pursuant to NYLL § 195(1).

11

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
May 10, 2016

Kaufman Dolowich & Voluck, LLP
*Attorneys for Defendants Cor J. Seafood, Corp.,*
*214 Mill Road Corp., and James Coronesi*

By: _____
Keith Gutstein, Esq.
Aaron N. Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
kgutstein@kdvlaw.com
asolomon@kdvlaw.com

4846-1666-4881, v. 1