## SETTLEMENT AND RELEASE AGREEMENT

**WHEREAS**, Lisa Lemorrocco ("Plaintiff") has alleged that Cor J Sea Food Corp., 214 Mill Road Corp., and James Coronesi (collectively "Defendants"), have violated the Fair Labor Standards Act and the New York Labor Law with respect to the payment of her wages, including overtime and other wage regulations;

**WHEREAS**, Plaintiff commenced an action against Defendants on March 8, 2016, in the United States District Court for the Eastern District of New York (the "Court"), bearing Docket No. 16 CV 1161 (DRH) (ARL) (the "Action");

**WHEREAS**, Defendants have denied Plaintiff's allegations, and have contended that Plaintiff's allegations are unfounded and lack merit;

**WHEREAS**, Plaintiff and Defendants (hereafter collectively referred to as the "Parties") desire to fully and finally resolve and settle in full all claims that Plaintiff has, had, or may have against Defendants, including, but not limited to, all claims and issues that were or could have been raised by Plaintiff, by way of this Settlement and Release Agreement ("Agreement");

**WHEREAS**, Plaintiff's counsel of record in the Action and Defendants' counsel of record in the Action have negotiated extensively and in good faith to reach a settlement acceptable to the Parties that constitutes a reasonable compromise of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff by Defendants of the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00) (the "Settlement Amount"), to which

1

Plaintiff is not otherwise entitled, Plaintiff hereby releases and forever discharges Defendants as well as their current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, heirs, executors, administrators, agents, successors, assigns, and agents, as well as anyone employed by or affiliated with Defendants, deemed by Plaintiff to be "employers," both individually and in their official capacities, as well as Defendants' respective parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies, including but not limited to service and program partners, vendors, and business partners, (all of said individuals and entities referenced above are hereinafter collectively referred to herein jointly and severally as "Releasees"), from any and all claims, complaints, causes of action, lawsuits, demands, back-wages, attorney's fees, benefits, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, attorneys' fees and costs, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages, which Plaintiff, her respective heirs, executors, administrators, agents, successors, and assigns, has, had, or hereafter can have against Releasees, from the beginning of time to the date of this Release, including, but not limited to, any and all claims raised in the Action.

2.      By entering into this Agreement, Plaintiff acknowledges that her employment with Defendants has ended and she voluntarily and knowingly waives any and all rights to re-employment with Defendants. Plaintiff acknowledges that she shall not seek re-employment with Defendants.

3. Provided that: (1) Plaintiff executes this Agreement; (2) Defendant's counsel receives: (i) this Agreement, fully executed and signed by Plaintiff before a notary; (ii) an IRS W-9 form executed by Plaintiff's counsel; (iii) an IRS W-9 form executed by Plaintiff; and (iv) the Stipulation of Dismissal, in the form attached as "Exhibit A," executed by Plaintiff's counsel; and (3) the Court approves this settlement and endorses the Stipulation of Dismissal, the Settlement Amount shall be paid as follows:

    (a) Within thirty (30) days of the date that all the aforementioned conditions are satisfied, Defendants shall make a payment in the amount of the Settlement Amount which shall be allocated in separate checks as follows:

        i. One check from, or on behalf of, Defendants payable to "Lisa Lemorrocco" in the gross amount of Six Thousand Six Hundred Sixty Seven Dollars and Zero Cents ($6,667.00), less all applicable tax withholdings and deductions, representing payment for Plaintiff's claims for alleged economic damages (including, but not limited to, unpaid wages);

        ii. One check from, or on behalf of, Defendants payable to "Lisa Lemorrocco" in the gross [handwritten insertion: "gross"] amount of Six Thousand Six Hundred Sixty Seven Dollars and Zero Cents ($6,667.00), representing payment for Plaintiff's claims for alleged non-economic damages including, but not limited to, liquidated damages; and

        iii. One check from, or on behalf of, Defendants, payable to "Raymond Nardo, Esq." in the gross amount of Six Thousand Six Hundred Sixty

*[handwritten initials in left margin]*

3

Six Dollars and Zero Cents ($6,666.00), representing payment for Plaintiff's claims for attorney's fees and costs.

4. The settlement checks described above shall be delivered to or mailed to the attention of Raymond Nardo, Esq., 129 Third Street, Mineola, New York, 11501.

5. Defendants shall issue an IRS form W2 to Plaintiff and an IRS form 1099 to her counsel reflecting the amounts each one received in Paragraph 3, at the appropriate time. Defendants may issue an IRS tax form 1099 to Plaintiff and Plaintiff's counsel for the portions of the Settlement Amount which do not represent wages. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants fully, from any payments Defendants may be required to make to any taxing authority resulting from Plaintiff's failure to pay taxes related to ~~said portions of the Settlement Amount.~~ 3(a)(ii) and 3(a)(iii). [handwritten: §2C] [initialed: L.L.]

6. Plaintiff promises and represents that she will withdraw, with prejudice, any and all outstanding administrative complaints or charges, filed with any federal, state and local agencies/administrative bodies, and will also withdraw with prejudice this Action, as well as any and all other lawsuits, claims, demands, or actions pending against Defendants and Releasees, both individually and in their/its official capacities which concern violations or allegations of unpaid compensation (including minimum wage, overtime, unpaid spread-of-hours and split-shift pay, accrued benefit time, liquidated damages, and/or statutory penalties) purportedly owed to Plaintiff under the FLSA, NYLL, or any other law, regulation, or ordinance regulating the payment of wages. ~~In the event any such complaints, charges, lawsuits, claims, demands, or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting~~

from such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Should Plaintiff file a charge with any agency, or cooperate with an investigation with any agency, Plaintiff acknowledges that this Agreement shall bar her from receiving monetary compensation in connection therewith.

[handwritten: Struck So Ordered]

7.  Plaintiff acknowledges that she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein.

8.  Plaintiff acknowledges that she has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, any wages, tips, overtime, minimum wage, spread of hours pay, call-in pay, vacation or sick pay, accrued benefits, bonus or commission.

9.  Plaintiff agrees that she shall not make any statement, written, oral or electronic, which in any way disparages Defendants, any employee Plaintiff knows to be employed by Defendants, or Defendants' business practices. However, this Paragraph shall not be interpreted to prevent Plaintiff from making truthful statements concerning her experience litigating this Action. Jim Coronesi agrees that he will not make any statement, written, oral, or electronic which in any way disparages Plaintiff.

10. Except as set forth herein, this Agreement shall not be cited in any matter for any purpose against Defendants or Releasees, their affiliates, subsidiaries, predecessors, successors, assigns, and any of their respective officers, directors, employees, administrators,

benefit plans, welfare plans, deferred compensation plans or long-term incentive plans, or as proof of liability of any sort. Under no circumstances shall this Agreement, or the resolution of the Action, be cited as evidence in any proceeding against Defendants or Releasees for any purpose, unless required by law.

11. The Parties agree that, in an action arising from any alleged breach by any party of the Agreement, the prevailing party will be entitled to costs and expenses, including reasonable attorneys' fees, incurred in enforcing said provisions and/or defending any action(s). Furthermore, should any party threaten to breach this Agreement, such party understands that such breach or threatened breach can cause irreparable harm, thereby warranting injunctive relief, subject to the approval of the Court. In that event, the non-breaching party will be entitled to an injunction, subject to the approval of the Court, with no posting requirement. The breaching party shall be liable for all costs and fees associated with securing the appropriate injunctive relief.

12. Plaintiff acknowledges that this Agreement does not constitute an admission by Defendants of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or an admission by Defendants that Plaintiff's claims have merit. In fact, Plaintiff acknowledges that Defendants explicitly refute and deny any claims of wrongdoing.

13. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

14. Plaintiff acknowledges that she has not divested, hypothecated, or otherwise bargained away any interest she possesses in her purported claims. Plaintiff acknowledges and represents that she knows of no other person or entity that holds a remunerative interest in any

plausible legal claims she could assert and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

15. Plaintiff is competent to enter into this Agreement. Plaintiff is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair her right to settle all claims, and to release all claims, both known and unknown, pursuant to this Agreement.

16. Plaintiff confirms that she has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement.

17. Plaintiff affirms she is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare or Medicaid have paid Conditional Payments for the treatment of injuries arising out of or related to the matters released herein) as of the date of this Agreement and no conditional payment has been made to, or on her behalf, by Medicare or Medicaid; and,

18. Plaintiff represents that she is not enrolled in a Medicare program, and was not enrolled at the time of her employment or anytime thereafter through the date of this Agreement. Plaintiff further represents and warrants that no Medicaid payments have been made to or on behalf of Plaintiff for the treatment of injuries arising out of or relating to the matters released herein, and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from her employment with Defendants. Plaintiff further agrees that she, and not Releasees (or Releasees' insurers), shall be

responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

19. Plaintiff further represents that she will indemnify, defend, and hold Releasees and/or Releasees' insurers harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. If any governmental entity, or anyone acting on behalf of any governmental entity, seeks damages, including multiple damages from Releasees and/or Releasees' insurers relating to payment by such governmental entity, or anyone acting on behalf of such governmental entity, relating to Plaintiff's alleged injuries, claims or lawsuit, Plaintiff will defend and indemnify Releasees and/or Releasees' insurers, and hold Releasees and/or Releasees' insurers harmless from any and all such damages, claims, liens, Medicare conditional payments and rights to payment, including any attorneys' fees sought by such entities.

20. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement, including, but not limited to, the Stipulation of Dismissal annexed hereto as "Exhibit A."

21. The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

22. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

23. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

24. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any ADOBE PDF scanned copies or facsimiled copies of the Agreement, executed in any number of counterparts, shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to counsel for Defendants, Keith Gutstein, Esq. and Aaron N. Solomon, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797; (516) 681-1100; facsimile (516) 681-1101, kgutstein@kdvlaw.com and asolomon@kdvlaw.com, and counsel for Plaintiff, Raymond Nardo, Esq., 129 Third Street, Mineola, New York, 11501 Merrick Road, (516) 248-2121 (phone), (516) 742-7675 (fax), raymondnardo@gmail.com.

25. Plaintiff represents that she has been advised to consult legal counsel regarding this Agreement prior to her execution of the same. Plaintiff further represents that she has been provided the opportunity to review this Agreement. Plaintiff fully understands all of the provisions of this Agreement and is executing same freely and voluntarily.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement Agreement and General Release freely and voluntarily.

_____
LISA LEMORROCCO

_____
COR J. SEA FOOD CORP.
By: Pres JAMES R CORONESI
Title:

_James R. Coronesi_
214 MILL ROAD CORP.
By: President
Title: JAMES R CORONESI

_James R. Coronesi_
_____
JAMES CORONESI

STATE OF NEW YORK   }
COUNTY OF Suffolk   } S.S.

On May 16, 2017, before me personally came LISA LEMORROCCO, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

RAYMOND NARDO
Notary Public, State of New York
No. 02NA5012039
Qualified in Nassau
Commission Expires on June 15, 2019

10

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| LISA LEMORROCCO, | Docket No.: |
| | 16 CV 1161 (DRH)(ARL) |
| Plaintiff, | |
| -against- | **STIPULATION OF DISMISSAL** |
| COR J SEAFOOD CORP., 214 MILL ROAD CORP., JAMES CORONESI, an individual, | |
| Defendants.. | |

-------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs; and that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint. This Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

**IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

Dated: May 16, 2017

Kaufman Dolowich &Voluck, LLP
*Attorneys for Defendants*

By: ~~Keith Gutstein, Esq.~~ Aaron N. Solomon
135 Crossways Park Drive, Ste. 201
Woodbury, New York 11797
(516) 681-1100

Raymond Nardo, Esq.
*Attorney for Plaintiff*

By: Raymond Nardo, Esq.
129 Third Street
Mineola, New York 11501
(516) 248-2121

SO-ORDERED

Hon. Arlene Lindsay, U.S.M.J.

4837-5717-9976, v. 1

13